# N. Y. COMMON PLEAS.

## THE MAYOR agt. DECKER.

*Jurisdiction of district courts — No jurisdiction in actions to recover penalties fixed by the dock department — Code of Civil Procedure, section 3215.*

The district courts have no jurisdiction in actions to recover penalties fixed by the dock department for neglect to remove merchandise from a dock or pier.

*General Term, June,* 1883.

*Before* DALY, *C. J., and* VAN HOESEN, *J.*

VAN HOESEN, *J.* — Section 3215 defines the jurisdiction of the district courts of the city of New York; and whether or not a district court has jurisdiction of this action is to be determined by a reference to that section, for it is conceded that nowhere else can be found any statutory provision that gives to district courts jurisdiction of an action to recover a penalty.

Subdivision 2 of that section provides that a district court shall have jurisdiction of an action to recover the penalty given: First. By the charter of the city of New York. Second. By any by-law or ordinance of the common council of that city; or, third. By a statute of the state.

It will be seen that a distinction is made between a penalty created by a statute and a penalty created by a by-law or an ordinance. If a penalty created by an ordinance, passed in pursuance of an authority conferred by statute, were, as the corporation counsel contends, a penalty given by statute, the legislature would not have drawn that distinction, and all that the section would have contained would have been a grant of jurisdiction in an action to recover a penalty given by a statute. The charter of the city of New York gave no penalty for a neglect to remove merchandise from a wharf or pier, it merely authorized the dock department to fix penalties for disobedience of its orders, rules and regulations. In pursuance of this authority the dock department made a regulation that required the removal of merchandise from a wharf, pier or bulkhead within twenty-four hours after the corporation wharfinger orders such removal, and prescribed a penalty for a neglect or refusal to comply with the wharfinger's order.

It is obvious that this penalty was not given by a statute, by the charter of the city, or by any ordinance of the common council. A district court had not, therefore, jurisdiction of the action.

We decline to enlarge the jurisdiction of the district courts by construction, as the corporation counsel urges us to do, though we see no reason why an application should not

be made to the legislature for an amendment to the Code that will give to the district courts jurisdiction of this class of cases.

Judgment affirmed.